IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THOMAS EL-SHABAZZ and ELIGAH WILLIAMS, individually, and on the behalf of all others similarly situated, | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 4:22-cv-256 |
| v. | § § | |
| GULF COAST HOTEL MANAGEMENT INC., | § § § § | Complaint -- Class Action |
| Defendant. | § | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Thomas El-Shabazz and Eligah Williams, by and through their undersigned counsel and on behalf of all those similarly situated, sues the Defendant Gulf Coast Hotel Management, Inc., and in support thereof alleges as follows:

**INTRODUCTION**

1. This action is brought individually and as a collective action by Plaintiffs and others similarly situated against their employers for unpaid wages pursuant to the Fair Labors Standards Act, as amended, 29 U.S.C. § 201, *et seq.* ("the Act" or "FLSA). Plaintiffs seek damages for unpaid wages, liquidated damages, injunctive relief, declaratory relief, and reasonable attorneys' fee and costs on behalf of themselves and all those persons similarly situated. The collective action provisions under the FLSA provide for opt-in class participation.

**JURISDCITION**

2. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and Title 29 U.S.C. § 216(b). At all times pertinent to this Complaint, Defendant was a covered entity under the FLSA and was Plaintiffs' "employer" as defined by the Act.

1

## VENUE

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant Gulf Coast Hotel Management, Inc., has offices located in Houston, Texas and all or a substantial portion of events giving rise to the claim occurred within the Southern District of Texas.

## PARTIES

4. Plaintiff Thomas El-Shabazz is an individual who resides in Houston, Texas, and worked for Defendants from January 26, 2017 through March 15, 2021.

5. Plaintiff Eligah Williams is an individual who reside in Houston, Texas, and worked for Defendants from June 23, 2018 through May 17, 2021.

6. Plaintiffs and all others similarly situated worked as "maintenance worker," and were paid on an hourly basis.

7. Defendant Gulf Coast Hotel Management, Inc., is a foreign for-profit corporation that regularly transacts business within Harris County at all times material to this complaint. Defendant Gulf Coast Hotel Management, Inc., may be served through its registered agent, Bruce Christenson, at 788 W. Sam Houston N, Suite 206, Houston, Texas 77024.

## FACTS

8. Plaintiff Thomas El-Shabazz was employed by Defendant Gulf Coast Hotel Management, Inc. as an hourly employee until March 15, 2021 at an average rate of pay of $12.50 per hour, but was never paid the extra one and one-half time overtime rate for hours worked above 40 hours in a workweek as required by the Fair Labor Standards Act.

9. Plaintiff Eligah Williams was employed by Defendant Gulf Coast Hotel Management, Inc. as an hourly employee until May 17, 2021 at an average rate of pay of $12.50

per hour, but was never paid the extra one and one-half time overtime rate for hours worked above 40 hours in a workweek as required by the Fair Labor Standards Act.

10. Upon information and belief, there are a significant number of other former and current employees of Defendant, similarly situated to Plaintiffs, who were improperly paid for overtime work and/or not paid for overtime work.

11. At all times relevant to this Complaint, Plaintiffs and members of the Class were non-exempt employees for purposes of the Fair Labor Standards Act.

12. During the relevant limitations period, Plaintiffs and others similarly situated regularly worked in excess of forty (40) hours per week. Plaintiffs did not receive the correct overtime pay as required by the FLSA. Specifically, upon information and belief, Defendant paid all time, including that in excess of forty hours in a workweek, at Plaintiffs' regular rate of pay. Additionally, upon information and belief, Defendant also failed to pay Plaintiffs for all compensable time for which Plaintiffs provided work for the benefit of Defendant.

13. At all times relevant to this Complaint, Plaintiffs were good and faithful employees of Defendant and consistently performed all of the essential functions of their jobs in an acceptable and competent manner.

14. Plaintiffs and other members of the Class previously raised their concerns about incorrect calculation of their overtime pay, non-payment for overtime hours, and/or non-payment for all compensable time for which Plaintiffs provided work for the benefit of Defendant to Defendant's agents; however, Plaintiffs were intimidated and coerced to continue working under these unlawful conditions and the pay miscalculation continued. Plaintiffs Thomas El-Shabazz and Eligah Williams were terminated following their complaints about the incorrect calculation

of their overtime pay, non-payment for overtime hours, and non-payment for all compensable time for which Plaintiffs provided work for the benefit of Defendant.

## CAUSE OF ACTION

### COUNT I
### FAIR LABOR STANDARDS ACT – FAILURE TO APPROPRIATELY PAY OVERTIME WAGES
*(Individually and Collective Action)*

15. Plaintiffs repeat and reallege each and every allegation of the foregoing Paragraphs as if restated herein verbatim.

16. Defendant Gulf Coast Hotel Management, Inc. operates a company primarily engaged in business of providing hotel management services and is an employer as defined by 29 U.S.C. § 203(d).

17. Defendant Gulf Coast Hotel Management, Inc. has employees subject to the provisions of 29 U.S.C. § 207 in the facility where Plaintiffs and others similarly situated were employed.

18. At all times material to this complaint, Defendant Gulf Coast Hotel Management, Inc. employed two or more employees, had an annual dollar volume of sales or business done of at least $500,000.00, and had employees who handle or otherwise worked on goods or materials that have been moved in or produced for commerce.

19. At all times material to this complaint, Defendant Gulf Coast Hotel Management, Inc. was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

20. Plaintiffs and all others similarly situated were employees of Defendant for the purposes of the Fair Labor Standards Act during all time relevant to this Complaint.

21. Plaintiffs and all others similarly situated were at all times material individually engaged in commerce as their work was directly related to the movement products and information in interstate commerce.

22. Plaintiffs and all others similarly situated did not exercise job duties while employed by Defendants that would qualify for any exemption under the FLSA.

23. Defendant failed to act reasonably to comply with the FLSA, and so Plaintiffs, and all others similarly situated, are entitled to an award of liquidated damages in an equal amount as the amount of unpaid wages deemed to be owed pursuant to 29 U.S.C. § 216(b).

24. Throughout the employment of Plaintiffs, and others similarly situated, Defendant repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiffs and all others similarly situated at a rate not less than one and one-half times their regular rates of pay for each hour worked in excess of 40 in a workweek.

25. Specifically, from on or about January 26, 2017 through May 17, 2021, Plaintiffs and all others similarly situated worked an average of sixty (60) hours per week and was paid average of $12.50 per hour during their employment with Defendants, but were not paid the extra one and one-half time overtime rate for hours worked above forty (40) hours in a workweek as required by the Fair Labor Standards Act.

26. Pending any modifications necessitated by discovery, Plaintiffs preliminarily defines this Class as follows:

> ALL CURRENT OR FORMER EMPLOYEES OF GULF COAST HOTEL MANAGEMENT, INC., WHO WERE EMPLOYED AS MAINTENANCE WORKERS THROUGHOUT THE STATE OF TEXAS AND WERE NOT PROPERLY COMPENSATED FOR ALL OVERTIME HOURS WORKED.

27. This action is properly brought as a collective action for the following reasons:

a. This Class is so numerous that joinder of all Class Members is impracticable.

b. Numerous questions of law and fact regarding the liability of Defendant is common to the Class and predominate over any individual issues which may exist.

c. The claims asserted by Plaintiffs are typical of the claims of Class Members and the Class is readily ascertainable from Defendant's records. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

d. Plaintiff will fairly and adequately protect the interests of Class Members. The interest of Class Members are coincident with, and not antagonistic to, those of Plaintiffs. Furthermore, Plaintiffs are represented by experienced class action counsel.

e. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

f. The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

g. Defendant acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

28. For the foregoing reasons, Plaintiffs seeks certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff because their claims are nearly identical to those of other Class Members. Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and are subject to Defendants' common practice, policy or plan regarding employee wage and hours.

29. In addition to the named Plaintiffs, numerous employees and former employees of Defendant are similarly situated to Plaintiffs in that they have been denied overtime compensation while employed by Defendant.

30. Defendant's policy of not paying overtime is company-wide and "Maintenance Workers," throughout the State of Texas, employed by Defendant during the three years prior to the filing of this action have been deprived of overtime similarly to Plaintiffs.

31. Plaintiffs are representatives of these other employees and are acting on behalf of their interests as well as Plaintiffs' own interests in bringing this action.

32. Defendant either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

33. Defendant failed to act reasonably to comply with the FLSA, and so Plaintiff, and all others similarly situated, are entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

34. As a result of Defendants' unlawful conduct, Plaintiff and all others similarly situated are entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

35. The work and pay records of Plaintiffs and Class Members are in the possession, custody, and/or control of Defendant, and Defendant is under a duty pursuant to Section 11(c) FLSA , 29 U.S.C. § 211(c), and pursuant to the regulations of the United States Department of Labor to make, keep, and preserve such payroll and other employment records from which the amount of Defendant's liability can be ascertained. Plaintiffs request an order of this Court specifically requiring Defendant to preserve such records during the pendency of this action.

36. Plaintiff and all others similarly situated are entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses

incurred by brining this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

## COUNT II
**FAIR LABOR STANDARDS ACT – RETALIATION UNDER 29 UCS § 215(A)(3)**
*(Plaintiffs Shabazz and Williams Individually)*

37. Plaintiffs repeat and reallege each and every allegation of the foregoing Paragraphs as if restated herein verbatim.

38. Plaintiffs consistently raised their concerns about incorrect calculation of their overtime pay, non-payment for overtime hours, and/or non-payment for all compensable time for which Plaintiffs provided work for the benefit of Defendant to Defendant's agents. Specifically, Plaintiffs complained about not receiving overtime and compensation for work Defendant determined was not on the clock. Following Plaintiffs' complaints, Defendant reprimanded Plaintiffs citing their complaint as the basis for the discipline. Plaintiff Thomas El-Shabazz complained again in March 2021 about Defendant's non-payment for overtime hours worked by El-Shabazz and for all compensable time for which he provided maintenance services for the benefit of Defendant. Defendant terminated Plaintiff Thomas El-Shabazz's employment a few days following his March 2021 complaint. Similarly, Plaintiff Eligah Williams was terminated days after his complaint for non-payment for overtime hours in May 2021.

39. The motivating factor for Defendant's action were Plaintiffs Thomas El-Shabazz and Eligah Williams asserting a claim for overtime wages pursuant to the Fair Labor Standards Act.

40. Defendant's action as discussed above are in direct violation of 29 U.S.C. § 215(A)(3) because the motivating factors for said activity were Plaintiffs Thomas El-Shabazz

8

and Eligah Williams' demands for their legally mandated wages and as a result Plaintiffs Thomas El-Shabazz and Eligah Williams were terminated.

## DEMAND FOR JURY TRIAL

41. Plaintiffs demand a jury trial on all issues so triable.

WHEREFORE, Plaintiffs Thomas El-Shabazz and Eligah Williams, on behalf of themselves and all others similarly situated, demand Judgment, jointly and severally, against Defendants for the following:

a. Determining that the action is properly maintained as a class and/or collective action, certifying Plaintiffs as the class representatives, and appointing Plaintiffs' counsel for Class Members;

b. Ordering prompt notice of this litigation to all potential Class Members;

c. An order requiring Defendant to provide a complete and accurate accounting of all the overtime compensation and other compensation to which Plaintiffs and Class Members are entitled;

d. An award of monetary damages to Plaintiffs and Class Members in the form of back pay for overtime compensation and other compensation due, together with liquidated damages in an equal amount;

e. Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

f. Awarding Plaintiffs and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

g. Awarding Plaintiffs and Class Members their pre-judgment, monetary interest as provided by law, should liquidated damages not be awarded;

h. Awarding Plaintiffs and Class Members liquated damages and/or statutory penalties as provided by law; and

i. Awarding Plaintiffs and Class Members such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Chukwudi Egbuonu**
Chukwudi Egbuonu
State Bar No. 24081838
Federal I.D. No. 2365112
LAW OFFICE OF CHUKWUDI EGBUONU
4141 Southwest Freeway, Suite 390
Houston, Texas 77027
Phone: (713) 635-9488
Fax:    (832) 426-5792
chuck@celawoffice.com

* ATTORNEY IN CHARGE FOR PLAINTIFFS